NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE:  BRET EDWARD CAHILL,**
*Appellant*

---

2024-1745

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 16/536,313.

---

Decided:  January 13, 2025

---

BRET CAHILL, Brawley, CA, pro se.

FAHD H. PATEL, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Derrick Brent.  Also represented by MONICA BARNES LATEEF, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

---

Before DYK, PROST, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Bret Cahill appeals pro se from a decision of the United States Patent Trial and Appeal Board ("Board").  The Board affirmed the rejection of claims 1–7 of U.S. Patent Application No. 16/536,313 ("Application") as indefinite under 35 U.S.C. § 112(b), anticipated under 35 U.S.C.

§§ 102(a)(1)–(a)(2), and/or obvious under 35 U.S.C. § 103. We *affirm*.

BACKGROUND

On August 9, 2019, Mr. Cahill filed the Application for a patent on an apparatus for injecting high viscosity sealant into a tire puncture. The Application included seven claims, with claim 1 being the only independent claim. During prosecution, claim 1 was amended and as amended recites:

> 1. An apparatus configured so no part of said apparatus can penetrate a pneumatic tire with a means of developing pressure to force sealant from a vessel for injection of said sealant directly into a puncture on said tire.

J.A. 58.[1] Among other limitations, the dependent claims recite "said vessel is a hollow cylinder" (claim 2), "said hollow cylinder contains said sealant" (claim 3), "said cylinder has a narrow bore to develop high pressure" (claim 4), and "said sealant remains a viscous liquid for a long time" (claim 6). *Id.*

In a final rejection, the Examiner rejected claims 1–7 as indefinite. He first noted that the phrase "configured so no part of said apparatus can penetrate a pneumatic tire" as used in claim 1 was indefinite because "the capability of the apparatus relies upon multiple factors including possible forces applied and relative dimensions including those of a pneumatic tire e.g. thickness." J.A. 64. For claims 4–6, the Examiner explained that the terms "narrow bore," "high pressure," and "long time" as used in

---

[1] In setting forth the claims here, Mr. Cahill erroneously sets forth the claims as originally filed instead of the amended claims that are at issue in this appeal. *See, e.g.*, Appellant's Op. Br. at i.

those claims "are relative terms without distinction" while "clear ranges and/or approximate values are not discussed with specificity in the Specification." J.A. 64–65. He determined that claims 5 and 6 did not further limit the claim 1 apparatus as they were "merely directed to a sealant for use with the apparatus." J.A. 65. The Examiner also rejected the claims as anticipated and/or obvious under §§ 102, 103.

Mr. Cahill appealed the Examiner's decision to the Board. The Board determined that Mr. Cahill had "presented no arguments concerning th[e] [indefiniteness] rejection" and consequently "summarily affirm[ed]" it. *Ex parte Bret Edward Cahill*, No. 2023-003033, 2024 WL 726154, at *2 (P.T.A.B. Feb. 20, 2024) (citing Manual of Patent Examining Procedure § 1205.02); *see also* J.A. 4. The Board also sustained the § 102 and § 103 rejections.

Mr. Cahill appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We affirm the Board's decision because Mr. Cahill forfeited his argument that the claims are not indefinite, and this ground is sufficient to sustain the Board's decision.

"While the court retains case-by-case discretion over whether to apply [forfeiture], we have held that a party [forfeits] an argument that it failed to present to the [Board] because it deprives the court of the benefit of the [Board's] informed judgment." *In re Nuvasive, Inc.*, 842 F.3d 1376, 1380 (Fed. Cir. 2016) (internal quotation marks and citations omitted); *see also In re Google Tech. Holdings LLC*, 980 F.3d 858, 862–63 (Fed. Cir. 2020). The Examiner determined, and the Board affirmed, that claim 1 of the Application, from which claims 2–7 depend, was indefinite. Mr. Cahill did not contest this rejection in his opening brief before the Board nor did he contest the separate rejections of several of the dependent claims for indefiniteness under

§ 112(b).[2]  Instead, his opening brief before the Board was devoted to challenging the Examiner's rejections for anticipation and obviousness.

Mr. Cahill disputes that he did not contest the indefiniteness rejections before the Board in his opening brief.  In support of this argument, he identifies several pages of his briefing before the Board that allegedly address these rejections.  Appellant's Repl. Br. 3 (identifying J.A. 111–14 and J.A. 133–34).  His arguments only address the Examiner's prior art rejections under § 102 and § 103, not § 112(b).  The pages are directed to Mr. Cahill's allegations that prior art syringes cannot seal punctures with high viscosity sealant and cannot be made to work, and that they would be more costly than his claimed invention.  They do not discuss the Examiner's rejections of, for example, the claim terms "configured so no part of said apparatus can penetrate a pneumatic tire" and "long time," nor does Mr. Cahill explain how his briefing before the Board addresses those rejections.  *See In re Killian*, 45 F.4th 1373, 1386 (Fed. Cir. 2022) (finding patent applicant forfeited argument "by failing to present anything more than a conclusory, skeletal argument").

Mr. Cahill also argues that, in his reply briefing before the Board, he addressed some of the Examiner's indefiniteness rejections by offering "numerical

---

[2]  Mr. Cahill now argues that the Examiner is responsible for Mr. Cahill's addition of the "configured so no part of said apparatus can penetrate a pneumatic tire" limitation that the Examiner later found indefinite and that the Examiner did not allow him to discuss or further amend his claims.  But Mr. Cahill did not present these arguments to the Board as a challenge to the Examiner's indefiniteness rejections, and they are similarly forfeited. *See In re Google*, 980 F.3d at 862–63.

limitations," for certain terms, but both the Examiner and Board failed to address those numerical limitations. These arguments, however, were presented to the Board for the first time in reply, and the Board could properly decline to consider them. 37 C.F.R. § 41.41(b)(2) ("Any argument raised in the reply brief [before the Board] which was not raised in the appeal brief, or is not responsive to an argument raised in the examiner's answer . . . will not be considered by the Board . . . unless good cause is shown."); *see also id.* §§ 41.37(c)(1)(iv), (c)(2).

We have considered Mr. Cahill's remaining arguments and find them unpersuasive.

## AFFIRMED

COSTS

No costs.